CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. FARMER, Petitioner, | Civil Action No. 7:07-cv-00472 |
| v. | MEMORANDUM OPINION |
| ALAN V. WARD, et al., Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner David A. Farmer, a Virginia inmate proceeding pro se, brings this action which the court has construed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Farmer challenges his confinement under the August 26, 2007, order by the Circuit Court for the City of Roanoke, revoking his probation and sentencing him to serve a term of incarceration. The court filed the petition conditionally and granted Farmer an opportunity to provide information concerning his exhaustion of state court remedies as required under 28 U.S.C. § 2254(b). Farmer responded to the order by submitting a short affidavit and a number of documents from state court proceedings. Upon review of the petition and the new submissions, the court is of the opinion that the petition should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Farmer documents the following basic sequence of facts from which his claims arise. He was convicted in 1999 in the Circuit Court for Roanoke City on a charge possession of cocaine with intent to distribute and sentenced to ten years imprisonment, all suspended, and three years of probation. In September 2003, the court revoked Farmer's probation, imposed one year of imprisonment and one year and six months of probation. Farmer served some time and then began

1

serving probation again, but was back in court for another revocation hearing on August 24, 2005. The court convicted him of the violation, revoked his probation, and sentenced him to one year incarceration to be followed by indefinite, supervised probation.

When Farmer was released from prison on July 2, 2006, he reported to the probation office to find out who his probation officer would be. The secretary allegedly could not find his records and told him that the probation must be unsupervised; relying on this information, Farmer did not report to his probation officer. Seven or eight months later, when Farmer reported to his probation officer related to new, separate criminal charges, he discovered that the probation imposed in August 2005 was, in fact, supervised and he had violated its conditions by failing to report.

On August 14, 2007, the circuit court conducted a revocation hearing, found Farmer guilty of violating probation conditions, revoked his probation, and sentenced him to three years of incarceration. Farmer then filed a petition in this court, challenging the revocation decision. See Case No. 7:07-cv-00291. This court dismissed that petition without prejudice for failure to exhaust state court remedies. Farmer then filed a petition for a writ of habeas corpus in the Circuit Court for Roanoke City, which was dismissed on September 9, 2007, as moot. In his federal petition, Farmer claims that the revocation of his probation under these circumstances was unlawful and seeks dismissal of the charges and reinstatement of his probation.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with
2

jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia. See Va. Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the court of appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not yet exhausted his state court remedies as required. Although the record indicates that Farmer presented his claims at the revocation hearing itself and in his habeas petition to the circuit court, he does not offer any evidence that he has presented them to the Supreme Court of Virginia. Moreover, it is clear that he has not had time since entry of the September 9, 2007, order dismissing his state habeas petition, to complete an appeal of that decision in the Supreme Court of Virginia. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court without prejudice.[1] An

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The court also notes that Farmer fails to explain in this § 2254 petition why he believes that the revocation of his probation violated his

3

Case 7:07-cv-00472-JCT-mfu   Document 7   Filed 10/29/07   Page 3 of 4   Pageid#: 38

appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 29th day of October, 2007.

/s/ James C. Turk
Senior United States District Judge

---

federal constitutional rights. Absent such a showing, he would not be entitled to habeas relief under § 2254.